UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PARICO DOMINIC COFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:26-cv-00148-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| WARDEN IVAN KROW, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation ("Recommendation") issued by United States Magistrate Judge Candace J. Smith, [R. 9], which addresses Plaintiff Parico Dominic Coffey's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, [R. 1], and Coffey's Motion for Leave to Proceed in Forma Pauperis, [R. 2]. On February 27, 2026, Judge Smith issued her Recommendation, recommending that the Court transfer Coffey's petition to the Cetntral Division of the Eastern District of Kentucky at Lexington, dismiss Coffey's petition as untimely, deny Coffey's Motion for Leave to Proceed in Forma Pauperis as moot, and that no certificate of appealability should issue. [R. 9, pp. 13–14]. On March 12, 2026, Coffey filed Objections to Magistrate's Report and Recommendation. [R. 10]. For the reasons that follow, the Court will adopt Judge Smith's Recommendation as the opinion of this Court and overrule Coffey's objections.

## I.    BACKGROUND

In describing the facts of the underlying case that Coffey now challenges with his petition, the Kentucky Supreme Court stated the following:

- 1 -

> The facts in this case vary wildly between Coffey's version and that of his victim, T.B. According to Coffey, he contacted T.B. after leaving a Lexington strip club to pick him up. She arrived at the designated gas station, and they drove to a neighborhood to engage in consensual sex in exchange for money. Coffey told T.B. that he would wear a condom but did not. He contends that it was during this consensual sex that she realized he was not wearing a condom and became angry. When she demanded that he pay her he refused, claiming that he never climaxed and therefore would not pay. Coffey claims that T.B. then withdrew a gun from under the front seat and demanded that Coffey pay. The two fought over the gun, and T.B. ended up outside the vehicle. Coffey then drove T.B.'s vehicle back to the strip club, retrieving his car, and leaving her car running in the club parking lot.
>
> T.B. claims that she arrived at the gas station that evening needing to use the restroom and to go to the ATM. When T.B. returned to her car she claimed that Coffey forced himself into the vehicle by use of a gun. T.B. claims Coffey then told her to drive to a neighborhood where he forced her to have sex. It was during the sex that Coffey left the gun unattended and T.B. was able to gain possession. After a struggle for the gun, T.B. ended up outside of the car with Coffey giving chase. A negotiation period began, with T.B. offering to return the gun if she could have her car back. At one point both entered the vehicle again to negotiate. After giving up on the fruitfulness of the negotiating process, T.B. dashed for a neighbor's home, wearing only her socks. From the neighbor's home she alerte[d] the authorities.

*Coffey v. Commonwealth* ("*Coffey I*"), 2015-SC-000414-MR, 2016 WL 7665876, at *1 (Ky. Dec. 15, 2016).

Coffey was convicted in a jury trial and sentenced to a term of 46 years in prison on charges of kidnapping, rape, sodomy, and robbery. *Id.* Coffey appealed his conviction to the Kentucky Supreme Court, which affirmed his conviction on December 15, 2016. *Id.* at *4. Coffey did not file a petition for writ of certiorari with the United States Supreme Court. [R. 1, p. 3]. On December 6, 2019, Coffey moved, through counsel, to vacate his judgment and sentence under Kentucky Rule of Criminal Procedure 11.42 ("KY Rule 11.42"). [R. 1-1, p. 51]. Coffey argued in part that he received ineffective assistance of counsel at trial because his counsel did not call Chelsea Doneghy as a witness at trial. *Id.* at 32–33.

As relevant background, Coffey claims in support of his instant petition that Doneghy's testimony at trial "would [have] proven consent to the sexual occur[e]nces and every other crime

- 2 -

that attached to this case." [R. 1, p. 21]. Coffey attaches to his petition an affidavit from Doneghy, which states the following:

> The affiant on December 17, 2013 was out at Camelot West nightclub and affiant saw [Coffey] and [T.B.] in the club and everything seemed like normal. [T.B.] was sitting on his lap and they were talking and seemed to be having a good time like they always are when I see them out. The affiant has seen them together several times in different clubs.
>
> The affiant can further state that [T.B.] has a reputation of being kind of out there, as for as drugs and selling her body for money. I know this because I too used to do those same things at the strip clubs but I am no longer living that kind of lifestyle.

[R. 1-1, p. 66].

The trial court ultimately determined that Coffey's trial counsel did not "[fall] below the level of effective counsel as set forth by *Strickland*," and accordingly, it denied Coffey's KY Rule 11.42 motion. *Coffey v. Commonwealth* ("*Coffey II*"), No. 2023-CA-0273-MR, 2025 WL 807668, at *1–*2 (Ky. Ct. App. Mar. 14, 2025). Coffey appealed this decision, and on March 14, 2025, the Kentucky Court of Appeals affirmed the lower court's denial of his KY Rule 11.42 motion. *Id.* at 2–3.

On September 2, 2025, Coffey filed this instant *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. [R. 1]. Coffey asserted two reasons that his petition is not time barred by the one-year statute of limitations under § 2244(d): (1) that it was impossible for him to prosecute his case during the two years and four months that he was in Michigan State custody; and (2) that the one-year limitation does not apply to his claim of actual innocence. *Id.* at 15–16. On the same day, Coffey filed a Motion for Leave to Proceed in Forma Pauperis. [R. 2].

On February 27, 2026, Judge Smith entered her Recommendation recommending that the Court transfer Coffey's petition to the Cetntral Division of the Eastern District of Kentucky at Lexington, dismiss Coffey's petition as untimely, deny Coffey's Motion for Leave to Proceed in

- 3 -

Forma Pauperis as moot, and that no certificate of appealability should issue. [R. 9, pp. 13–14]. Coffey filed timely objections to Judge Smith's Recommendation. [R. 10]. This matter stands ripe for review. For the reasons that follow, the Court will adopt Judge Smith's Recommendation as the opinion of this Court and overrule Coffey's objections.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a Magistrate Judge to submit proposed findings of fact and recommendations for the disposition of certain motions, including motions to suppress evidence. Within fourteen days of being served a copy of that recommended disposition, any party may file written objections to the Magistrate Judge's proposed findings and recommendation. § 636(b)(1)(C). This Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection, which preserves the issue for appeal, "explains and cites specific portions of the report which counsel deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 1997) (citation modified) (internal quotation marks omitted) (quoting *Smith v. Chater*, 121 F.3d 709 (Table), 1997 WL 415309, at *2 (6th Cir. 1997)).

"[A]n objection to an R&R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Dundee v. Univ. Hosps. Corp*, No. 1:19-CV-01141, 2020 WL 511520, at *1 (N.D. Ohio Jan. 31, 2020) (citing *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Roberts v. Warden, Toledo Corr. Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review de novo objections

- 4 -

that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition."); *McClain v. Hanna*, No. 2:19-CV-10700, 2019 WL 7288768, at *2 (E.D. Mich. Dec. 30, 2019) ("[O]bjections to a report and recommendation should not be used as a vehicle to rehash arguments previously made by the objecting party."). In prohibiting "general objections" to magistrates' reports, the Sixth Circuit stated that

> [a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509; *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995))); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (same). Ultimately, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1)(C).

### III.   ANALYSIS

In the Recommendation, Judge Smith concluded that Coffey's petition is time barred under § 2244(d)(1) because the petition was filed over seven years after his conviction became final and any form of tolling of the one-year statute of limitations is unwarranted in this case. [R. 9, pp. 5–12]. Judge Smith accordingly recommends that the Court dismiss Coffey's petition. *Id.* at 14. Coffey filed timely objections arguing that the Recommendation is incorrect based on many of the same arguments that he made in his petition. *Compare* [R. 10 (objections)], *with* [R. 1, pp. 15–16

(petition)]. Based upon a thorough review of the record, the Court agrees with Judge Smith's analysis, findings, and conclusions as detailed below.

### A.      Transfer of Venue

As an initial matter, Judge Smith recommends that this matter be transferred to the Central Division at Lexington. [R. 9, pp. 4 n.4, 13]. Specifically, Judge Smith notes the following:

> Coffey's § 2254 Petition was filed in this District in the Northern Jury Division at Ashland. *See* LR 3.1(a)(1)(A). However, because Coffey was convicted in Fayette Circuit Court, his Petition should have been filed in the Central Jury Division at Lexington. *See* LR 3.2(b) ("A . . . state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered."). Consequently, the undersigned will recommend that this action be transferred to the Central Division at Lexington. *See* LR 3.2(f) ("Any civil action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, parties, witnesses, or in the interest of justice.").

*Id.* at 4 n.4. Coffey does not make any objection to this portion of the Recommendation. *See generally* [R. 10]. Consequently, the Court agrees with Judge Smith's Recommendation and will order that this matter be transferred to the Central Division at Lexington.

### B.      Untimeliness of Petition

The Recommendation properly considered the timeliness of Coffey's petition before considering the merits of his claims. *See Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). A federal habeas corpus petition under § 2254 must be filed within one year after one of four triggering dates. § 2244(d)(1)(A)–(D). The Recommendation correctly noted that Coffey's petition was due one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* [R. 9, pp. 5–6 (quoting § 2244(d)(1)(A))]. The pertinent dates are not in

dispute. The Kentucky Supreme Court affirmed Coffey's conviction on direct appeal on December 15, 2016. *Coffey I*, 2016 WL 7665876, at *4. Coffey's conviction therefore became final under § 2244(d)(1)(A) on March 15, 2017, the date in which his time to file a petition for a writ of certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("[D]irect review cannot conclude for purposes of 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to this Court has been exhausted." (citations and quotation marks omitted)); Sup. Ct. R. 13 (providing 90 days for filing a petition for writ of certiorari with the United States Supreme Court). Coffey's petition was due one year later, on March 15, 2018. *See* § 2244(d)(1).

Coffey did not file his petition until September 2, 2025, over seven years too late. Absent some form of tolling, his petition is time barred and must be dismissed. In his petition, Coffey asserted two reasons that his petition is not time barred by the one-year statute of limitations under § 2244(d): (1) that it was impossible for him to prosecute his case during the two years and four months that he was in Michigan State custody; and (2) that the one-year limitation does not apply to his claim of actual innocence. [R. 1, pp. 15–16].

**1.      Equitable Tolling Based on Time in Michigan State Custody**

In his petition and objections, Coffey argues that he is entitled to equitable tolling on the grounds it was impossible for him to prosecute his case while in Michigan State custody and that he is making a claim of actual innocence.[1] *Id.*; [R. 10, pp. 3–4]. Equitable tolling permits a federal

---

[1] Judge Smith also concluded that statutory tolling under 28 U.S.C. § 2244(d)(2) did not apply to Coffey's petition because Coffey filed his KY Rule 11.42 application on December 6, 2019, almost twenty-one months after the one-year statute of limitations expired on March 15, 2018. [R. 9, p. 7]; *see also* [R. 1-1, p. 51 (noting the date in which Coffey filed his KY Rule 11.42 application)]; *Lawrence v. Florida*, 549 U.S. 327, 331 (2007) (citing to § 2244(d)(2) and stating that the one-year "limitations period is tolled while a state prisoner seeks postconviction relief in state court"). Coffey does not object to Judge Smith's finding that statutory tolling is not applicable. *See generally* [R. 10]. Nonetheless, the Court agrees with Judge Smith that § 2244(d)(2) does not apply to Coffey's petition because his KY Rule 11.42 application was filed after the one-year statute of limitations under § 2244(d)(1) expired.

court to review the merits of a time-barred habeas corpus petition if "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citation omitted). To warrant equitable tolling, the petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Judge Smith concluded that his claim that it was impossible for him to prosecute his case during the two years and four months that he was in Michigan State custody does not warrant equitable tolling in this case. [R. 9, pp. 8–9]. Crucially, Judge Smith noted that

> Coffey was not transferred to Michigan until after the AEDPA limitations period had already lapsed. It appears from the record that Coffey was in Michigan's custody from about May 22, 2019, until October 21, 2021. However, for the reasons discussed above, his deadline to file his habeas petition expired on March 15, 2018. And a condition that "occurred *after* the deadline for filing the habeas petition does not justify equitable tolling."

*Id.* at 8 (alteration in original) (quoting *Fuller v. Leeds*, No. 1:23-CV-1244-STA-JAY, 2025 WL 678538, at *4 (W.D. Tenn. Mar. 3, 2025)).

Judge Smith thereafter explains that even if Coffey's transfer to Michigan state custody had occurred before the expiration of time for filing the petition, this alone does not warrant equitable tolling. *Id.* Judge Smith distinguished the facts of this case from a case where the Sixth Circuit found that a petitioner was entitled to equitable tolling based in part on the multiple times that he was transferred between prisons without his legal materials before his deadline to file had expired. *See Jones v. United States*, 689 F.3d 621, 626–28 (6th Cir. 2012). Accordingly, Judge Smith concluded that "Coffey's time incarcerated in Michigan was not an extraordinary

- 8 -

circumstance that stood in the way of timely filing a federal habeas petition." [R. 9, p. 9]. In his objections, Coffey disagrees with Judge Smith's application of *Jones* and argues that equitable tolling should apply to his petition as it did in *Jones*. *See* [R. 10, pp. 1–3]. The Court disagrees.

Judge Smith only discussed *Jones* when providing alternative reasoning as to why equitable tolling does not apply to Coffey's petition. What is most relevant here is that Coffey's petition was time barred on March 15, 2018, over a full year before he was transferred to Michigan state custody in May 2019. *See* [R. 1-1, p. 13]. While the Court also agrees with Judge Smith's analysis distinguishing the facts of this case from the facts of *Jones*, the holding in *Jones* is not applicable here because Coffey's transfer to Michigan state custody never in any way impeded his ability to file his petition during the one-year period in which he could have done so.

In his objections, Coffey argues that his ignorance of the law should be considered when determining the issue of equitable tolling. [R. 10, pp. 2, 4]. Specifically, he asks the Court to consider that "he is a layman and has no knowledge of the legal system nor did he know how to ascertain any legal avenue outside of an [KY Rule 11.42 application] at the time he was incarcerated in Michigan." *Id.* at 2. He also argues that "[e]ven if he had been assisted by (jailhouse lawyers) in Michigan, they most certainly wouldn't be privy to Kentucky law or statutes of which he would need in order to seek a pleading as this." *Id.*

First, the Court notes that these arguments are inapplicable because, as explained above, by the time that Coffey was transferred to Michigan state custody, his petition was already time barred. However, insofar as Coffey is arguing that his ignorance of the law should also apply to the time before his transfer to Michigan, the Court is likewise unconvinced. Notably, the Sixth Circuit has clearly held that "[i]gnorance of the law . . . does not warrant equitable tolling." *Howard v. Lee*, No. 15-5261, 2016 WL 11826489, at *2 (6th Cir. Aug. 5, 2016) (citing *Allen v.*

*Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)); *see also Fugate v. Booker*, 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004) ("A habeas petitioner's ignorance as to the proper calculation of the limitations period for filing a federal habeas petition does not warrant equitable tolling."). Lastly, Coffey's claim that his Michigan state custody made it impossible for him to file the petition is undermined by the fact that, through counsel, he filed his KY Rule 11.42 application on December 6, 2019, seven months after he was transferred to Michigan. *See* [R. 1-1, pp. 13, 51]. Accordingly, the Court agrees with Judge Smith that the facts do not warrant equitably tolling Coffey's petition.

### 2.    Equitable Tolling Based on Claim of Actual Innocence

Coffey also argues in both his petition and objections that the one-year limitation under § 2244(d)(1) does not apply because he is presenting a valid claim of actual innocence. [R. 1, pp. 15–16]; [R. 10, pp. 4–5]. Section 2244(d)(1)'s one-year limitation period can be overcome if a petitioner can prove his "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Souter v. Jones*, 395 F.3d 577, 588–90 (6th Cir. 2005). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). To prove actual innocence, a petitioner must put forth "new reliable evidence . . . that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), that "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). The Supreme Court has noted that "new reliable evidence" under this standard includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. "[T]he actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

As part of the equitable tolling analysis, Judge Smith rejected Coffey's claim that his petition is not time barred because he is making a valid claim of actual innocence. *See* [R. 9, pp. 10–12]. Importantly, Judge Smith concluded that the Doneghy Affidavit is not "new evidence" for purposes of the actual innocence exception. *Id.* at 10–11. Instead, the Doneghy Affidavit was signed on June 2, 2014, months before Coffey's trial. [R. 1-1, p. 66]; *see also Coffey II*, 2025 WL 807668, at *1–*2 (noting that Coffey was convicted in 2015 and rejecting his claim that his trial counsel was constitutionally ineffective because counsel never called Doneghy as a live witness). Since this evidence was available to Coffey during his trial and direct appeal, it is not *new* evidence. *See Moore v. Woods*, No. 18-1356, 2018 WL 3089822, at *3 (6th Cir. June 20, 2018) ("Because this affidavit was available to him at the time of his direct appeal, it is not 'new' evidence for purposes of establishing his actual innocence." (quoting *Perkins*, 569 U.S. at 386)).

Judge Smith further concluded that, even if the affidavit was considered new evidence, "it does little to exonerate Coffey." [R. 9, p. 12]. Judge Smith noted that Doneghy's testimony contradicts Coffey's testimony at trial "that he had only met T.B. one time, years before the night of incident." *Id.*; *see also Coffey II*, 2025 WL 807668, at *2 ("[T]he record also reveals that this affidavit directly contradicts Coffey's own testimony at trial that he had met her once, years ago, but that he had not seen her for several years and did not initially remember her."); [R. 1-1, p. 66 (Doneghy Affidavit noting that she had seen Coffey and T.B. together "several times")]. Judge Smith further considered the weight of the Doneghy Affidavit's attack on T.B.'s credibility but ultimately concluded that it is insufficient for a valid claim of actual innocence. [R. 9, p. 12].

In his objections, Coffey argues that Doneghy's testimony at trial would have conclusively demonstrated his actual innocence. [R. 10, pp. 4–6]. Specifically, Coffey states that "[t]his live witness would [have] procured an entirely different verdict and/or sentence (if found guilty)

- 11 -

satisfying Hubbard." *Id.* at 5 (alteration in original). The Court disagrees for all the reasons Judge Smith detailed in her Recommendation. Notably, as Judge Smith correctly found, the Doneghy Affidavit was not "new evidence" for purposes of the actual innocence exception. Further, the Court disagrees with Coffey's repeated assertion on the exculpatory weight of the affidavit. *See id.* at 4–6. Even if the affidavit was considered new evidence, its content suggests that Doneghy's live testimony would have been marginally helpful if not harmful to Coffey's case; a far cry from the high standard needed for a claim of actual innocence. Coffey objects to Judge Smith's finding that the Doneghy Affidavit contradicts his testimony because, as he argues, it is common for an individual living a lifestyle like his "to not remember 'many' of the prostitutes he encounters," and that the record shows later in his testimony he did remember her clearly. *Id.* at 5. Coffey provides no evidence supporting this claim. *See id.* Regardless, his argument is unconvincing because Judge Smith found that the Doneghy Affidavit contradicted his trial testimony not based on his memory of T.B., but on the stated number of times he had met her before the night of incident. [R. 9, p. 12]. The Court agrees with Judge Smith that the contradictory nature of Doneghy's and Coffey's testimony greatly weakens his claim that her testimony if given at trial would have exonerated him.

Finally, Coffey makes no objection to Judge Smith's findings on the issue of the Doneghy Affidavit's impeachment of T.B.'s credibility. *See generally* [R. 10]. Insofar as the affidavit would impeach T.B.'s credibility, for the reasons stated in the Recommendation, the Court agrees with Judge Smith that this alone fails to support a valid claim of actual innocence. *See In re Byrd*, 269 F.3d 561, 577 (6th Cir. 2001) (finding that an attack on a trial witness's credibility did not provide proof of actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (stating that newly discovered impeachment evidence "will seldom, if ever," make a clear and convincing showing of

actual innocence); *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (explaining that § 2254(d) does not give federal district court "license to redetermine credibility of witnesses whose demeanor has been observed by the state court, but not by them"); *Bousley*, 523 U.S. at 623 ("[A]ctual innocence means factual innocence, not mere legal insufficiency.").

As a final note, Coffey specifically objects to Judge Smith's application of § 2244(d)(1)(A) as the latest time point in which the statute of limitations began running once the judgment became final. [R. 10, p. 3]. Instead, Coffey argues that § 2244(d)(1)(D) should apply counting from "[t]he date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence." *Id.* He further notes that he only became aware of the actual innocence claim in 2024 that he states was "the only viable remedy available" to him. *Id.* For the reasons already discussed, the Court disagrees. Insofar as Coffey is arguing that his ignorance of the law of actual innocence claims makes the Doneghy Affidavit "new evidence," the Court rejects this argument because "[i]gnorance of the law . . . does not warrant equitable tolling." *Howard*, 2016 WL 11826489, at *2 (citation omitted). Further, as discussed above, the Doneghy Affidavit is not new evidence, but was available to Coffey and his counsel before trial, during trial, and during his direct appeal. Judge Smith was correct in concluding that § 2244(d)(1)(A) was the applicable subsection used to calculate the date in which Coffey's statute of limitations period began running.

The Court agrees with Judge Smith's Recommendation that equitable tolling does not apply to Coffey's petition and that the petition is accordingly time barred under § 2244(d). Consequently, Coffey's objections are overruled and his petition for writ of habeas corpus must be denied.

- 13 -

### C.     Certificate of Appealability

Finally, the Judge Smith recommends that no certificate of appealability ("COA") should issue in this case because "reasonable jurists would not debate the denial of Coffey's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further." [R. 9, p. 13]. The Court may only issue a COA if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When a district court has rejected a petitioner's claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.

In this case, reasonable jurists would not debate the procedural grounds that preclude Petitioner's claim, given that clear precedent shows that the statute of limitations on Petitioner's claims has expired. *See Brockman v. McCullick*, No. CV 16-13441, 2017 WL 4098807, at *5 (E.D. Mich. Sept. 15, 2017), *aff'd sub nom. Brockman v. Warden, St. Louis Corr. Facility*, No. 17-2268, 2018 WL 1891453 (6th Cir. Mar. 20, 2018); *Taylor v. Cook*, No. 1:13-CV-220, 2015 WL 1534519, at *4 (E.D. Tenn. Apr. 6, 2015); *Rashard v. Sec'y, DOC*, No. 3:14-CV-1069-J-39JRK, 2017 WL 176906, at *3 (M.D. Fla. Jan. 17, 2017). Consequently, the Court orders that a certificate of appealability not be issued.

- 14 -

## IV.    CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation and overrules Coffey's objections. Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The instant action shall be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington, pursuant to 28 U.S.C. § 1406(a) and Local Rule 3.2(f).

2. Magistrate Judge Smith's Report and Recommendation, [**R. 9**], is **ADOPTED** as the Opinion of the Court.

3. Coffey's Objections, [**R. 10**], to the Report and Recommendation are **OVERRULED**.

4. Coffey's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, [**R. 1**], is **DENIED**.

5. No certificate of appealability shall issue.

6. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 28th day of April, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY